UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO: 8:10-cv-01998-SDM-EAJ

WILLIAM P. DOUCAS, ELIZABETH
DOUCAS in her individual capacity,
ELIZABETH DOUCAS as trustee of the
LEVENTI TRUST, and ASTRA
FAMILY HOLDINGS, LLC,

    Defendants.
_____/

## **TEMPORARY RESTRAINING ORDER**

The United States sues to reduce tax liens to judgment and to foreclose on tax liens against shares owned by the defendants.  (Doc. 1)  Contemporaneous with filing the complaint, the United States moves for a temporary restraining order preventing the defendants from encumbering, liquidating, transferring, or otherwise disposing of any of the assets or shares of Engage Networks, Inc., ("Engage Networks") a Wisconsin corporation, or its subsidiaries.  (Doc. 2)  According to the complaint and motion, the Doucases control Engage Networks through direct and indirect ownership of the corporation's closely-held shares.  The defendants allegedly use a trust known as "Astra Family Holdings" to hold many of their assets and to avoid tax obligations.  The complaint and motion further allege that execution against Engage Networks shares presents the only promising opportunity for collecting the Doucases' outstanding tax debts.  (Doc. 2)

The motion for a temporary restraining order is **GRANTED.**  (Doc. 2) **Effective at 11:00 a.m. on September 14, 2010**, the defendants; any officer, agent, servant,

employee, or attorney acting on behalf of the defendants; and any other person, who acts in concert with the defendants and who receives actual notice of this order by personal service or otherwise, is **ENJOINED** from directly or indirectly:

(1) encumbering, liquidating, transferring, or otherwise disposing of the corporate shares of Engage Networks, Inc.,

(2) encumbering, liquidating, transferring, or otherwise disposing of a material asset of Engage Networks, including but not limited to, the wholly-owned subsidiary Elutions, Inc., a Delaware corporation, or

(3) dissipating any of the goodwill of Engage Networks.

The United States shall promptly serve all papers in this case, including a copy of this temporary restraining order, on the defendant. No later than **ten days** after receiving service of this order, the defendant shall show cause in writing why the plaintiffs' motion for a temporary injunction should not be granted. The plaintiffs' motion for a preliminary injunction (Doc. 5) is **REFERRED** to United States Magistrate Judge Elizabeth A. Jenkins for a report and recommendation. A hearing on the motion for a preliminary injunction is set for **9:00 A.M.** on **Tuesday, September 28, 2010**, before the Honorable Elizabeth A. Jenkins in Courtroom 11A, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida.

ORDERED in Tampa, Florida, on September 14, 2010, at 11:00 a.m.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge