UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO.: 8:10-cv-1998-T-23EAJ

WILLIAM P. DOUCAS, et al.,

    Defendants.

_____/

**ORDER**

The United States sues (Doc. 1) to reduce tax liens for 2000 and 2002-2006 to judgment and alleges that the Doucases have erected a complicated system of trusts and corporations to shield their personal and business assets from federal tax liability. The United States moves (Doc. 5) to preliminarily enjoin the Doucases from encumbering, liquidating, transferring, or otherwise disposing of their interests in various closely-held corporations which they operate and control. A previous order grants a temporary restraining order and refers the matter to Magistrate Judge Jenkins for a report and recommendation. (Doc. 7) After a hearing, Magistrate Judge Jenkins recommends granting the preliminary injunction in part. To avoid unnecessary interference with the defendants' business operation and clarify the injunction's terms, Magistrate Judge Jenkins proposes that the injunction not proscribe the dissipation of "goodwill" because that term is vague and that the injunction not prohibit transactions involving assets with a cumulative value not exceeding $250,000. (Doc. 32) The

Doucases object on the basis that the proposed injunction will interfere with the operation of their businesses. (Doc. 34) Although permitted by Local Rule 6.02 to respond, the plaintiff fails to do so and the time for responding has expired.

A plaintiff requesting a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that the injunction is in the public interest." Winter v. NRDC, Inc., 129 S.Ct. 365, 374 (2008). The record reveals that the plaintiff will likely succeed (1) in reducing the tax liens for 2000 and 2002-2006 to judgment and (2) in foreclosing on the Doucases' assets. Because the Doucases' assets are subject to diminution in value or dissipation, and because the Doucases have encumbered other assets to avoid tax liability, the plaintiff is likely to suffer irreparable harm absent a preliminary injunction. The balance of the equities favors granting the proposed preliminary injunction, as modified by Magistrate Judge Jenkins, because an injunction reasonably preserves the status quo. The safeguards proposed by Magistrate Judge Jenkins mitigate any harm to the Doucases. The preliminary injunction preserves the public interest by promoting the fair and expeditious resolution of this matter and by discouraging the Doucases from any dilatory tactic.

The report and recommendation (Doc. 32) is **ADOPTED** and the plaintiff's motion for a preliminary injunction (Doc. 5) is **GRANTED IN PART**. The defendants; their agents, servants, employees, officers, and attorneys; and all persons in active concert and participation with them are **PRELIMINARILY ENJOINED** from encumbering, liquidating, transferring, or otherwise disposing of the shares of Engage Networks, Inc.,

or any asset, exclusive of goodwill, with a cumulative value of $250,000 or more, including those of the wholly-owned subsidiary, Elutions, Inc.

ORDERED in Tampa, Florida, on December 1, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE